UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          Case No. 8:12-cv-726-T-24-MAP

WALTER DURNIAK, JR., et al.,

        Defendants.
_____/

### ORDER

This cause comes before the Court on Plaintiff United States of America's Motion to Enforce Settlement or, in the Alternative, to Act on Pending Motion for Summary Judgment. [Doc. 61]. Also before the Court is Defendant Walter Durniak, Jr.'s Motion to Enforce Settlement Agreement. [Doc. 74].

**I.**    **BACKGROUND**

Plaintiff United States of America filed this action seeking: (a) entry of judgment against Defendant Walter Durniak, Jr. ("Mr. Durniak") for unpaid income tax liabilities in the amount of $571,018.82, plus accruals from November 6, 2012; and (b) foreclosure of the federal tax lien against property jointly owned by Mr. Durniak and his sister, Defendant Susan D. Maser ("Ms. Maser"). [Doc. 28]. Julia Durniak, a seasonal occupant of the property, and Barbara Ford-Coates ("Ms. Ford-Coates"), the Sarasota County tax collector, are also named Defendants.

Mediation occurred on February 27, 2013. The parties entered into a settlement agreement providing, *inter alia*, that judgment shall be entered against Mr. Durniak and in favor of the United States in the amount of $571,018.82, plus interest, and Ms. Maser and Julia Durniak shall withdraw any defenses to a judgment foreclosing the tax liens and ordering sale of

the property.  [Doc. 61, Exs. 1-3].  Further, the Internal Revenue Service ("IRS") shall conduct a good faith review of any 1040 tax forms timely submitted by Mr. Durniak.  If these forms show Mr. Durniak's tax liability is less than the amount assessed, and if the IRS in its sole discretion accepts these forms as accurate, the United States shall stipulate to the entry of an amended judgment for the reduced amount.  On March 8, 2013, the mediator filed a notice of complete settlement.  [Doc. 57].

However, the parties could not agree on a form of judgment.  The United States filed a motion to enforce the settlement and asked the Court to enter an attached Proposed Judgment of Foreclosure and Order of Sale.  [Doc. 61, Appx.].  Alternatively, the United States requested the Court act on its pending motion for summary judgment (to which no Defendant filed a response).  Mr. Durniak filed no response to the United States' motion.  Only Ms. Maser and Julia Durniak responded; they opposed the United States' proposed language concerning some of the terms and conditions of sale.  [Doc. 62].

On June 25, 2013, the Court held a hearing on the United States' motion to enforce the settlement.  [Doc. 72].  Ms. Maser and Julia Durniak were present and their counsel addressed the issues raised in their response.  Mr. Durniak was not present (although ordered to be present) and his counsel did not raise any issues with, or otherwise notify the Court of any opposition to, the United States' motion or proposed order.  At the close of the hearing, the Court ordered that: (1) Ms. Maser and Julia Durniak provide the United States with a revised proposed judgment and order of sale that addressed the issues raised at the hearing, and (2) by June 28, 2013, the United States file an agreed proposed form of judgment or notice of the parties' inability to reach an agreement.  [Doc. 73].

On June 28, 2013, Mr. Durniak filed a motion to enforce the settlement. [Doc. 74]. The United States filed a notice that all parties, except Mr. Durniak, agreed to the revised proposed Consent Judgment of Foreclosure and Order of Sale attached to its notice. [Docs. 75, 75-1].

## II.  DISCUSSION

In his motion to enforce settlement, Mr. Durniak opposes the simultaneous entry of judgment and order of sale and seeks to abate the entry of an order of sale. [Doc. 74]. He contends he stipulated to the entry of judgment, not an order of sale. [*Id*. at ¶ 9]. Further, he argues that the settlement implies the judgment would be entered first and—only after the IRS completes a good faith review of 1040 forms submitted by Mr. Durniak to determine any potential reduction of the amount of his tax liability—would the order of sale be entered, if at all. [*Id*. at ¶¶ 9, 12]. He requests the Court enforce the parties' settlement by entering a judgment in favor of the United States subject to possible future reduction and abating the sale of the property until after the United States' good faith review of his 1040 tax forms.

However, the settlement agreement—which Mr. Durniak himself recognized is "a full and complete settlement" that "is binding on the parties" [Doc. 74, ¶ 2]—clearly contains terms providing for an order of judicial sale. It contains no terms agreeing to abate that order of sale pending the IRS's good faith review; rather, the settlement terms merely provide for a possible stipulation for entry of an amended judgment for a reduced amount if and when the IRS accepts Mr. Durniak's submitted forms as accurate and showing a reduced tax liability amount.

Mr. Durniak's contentions are contradicted not only by the parties' settlement agreement but also by his inaction. Despite receiving the United States' proposed order providing for the simultaneous entry of judgment and order of sale, Mr. Durniak never opposed—by filing a response or by oral argument at the June 25, 2013 hearing—the order of sale.

3

Thus, upon review of the parties' motions and responses as well as the settlement terms sheet, which Mr. Durniak signed, and the March 8, 2013 letter of understanding, which Mr. Durniak's counsel signed, the Court denies Mr. Durniak's motion and grants the United States' motion to the extent that the Court will enforce the parties' settlement by entering the proposed Consent Judgment of Foreclosure and Order of Sale attached to the United States' notice [Docs. 75, 75-1].

**III.   CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

a. Defendant Walter Durniak, Jr.'s Motion to Enforce Settlement Agreement [Doc. 74] is **DENIED**.

b. Plaintiff United States of America's Motion to Enforce Settlement or, in the Alternative, to Act on Pending Motion for Summary Judgment [Doc. 61], is **GRANTED** to the extent that the Court will enforce the settlement agreement and enter the proposed Consent Judgment of Foreclosure and Order of Sale attached to the United States' Notice [Docs. 75, 75-1].

c. The United States is directed to email the proposed form of judgment in Word or WordPerfect format to the Court at chambers_flmd_bucklew@flmd.uscourts.gov.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of July, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Parties and Counsel of Record