UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    Case No. 8:12-cv-726-T-24-MAP

WALTER DURNIAK, JR., et al.,

        Defendants.
_____/

## JUDGMENT OF FORECLOSURE AND ORDER OF SALE

Judgment is entered as follows:

1.    Walter Durniak, Jr. is indebted to the United States for 2000, 2001, 2002, 2003, and 2005 federal income tax liabilities in the amount of $571,018.82, plus interest from November 6, 2012, at the rate established by 26 U.S.C. §§ 6621 and 6622.

2.    The United States has valid and subsisting federal tax liens against all property and rights to property belonging to Walter Durniak, Jr., including the parcel of real property at issue in this action.

3.    Federal tax liens encumber the parcel of real property located at 2128 Muskogee Trail, Nokomis, Florida ("2128 Muskogee Trail," or the "Property"). Its legal description is as follows:

> Lot 14, Block L, Calusa Lakes, Unit 5, as per the plat thereof recorded in Plat Book 37, Page 47, of the Public Records of Sarasota County, Florida.

4.    The federal tax liens are hereby foreclosed against 2128 Muskogee Trail, and the Property is ordered sold pursuant to Title 28, United States Code, §§ 2001 and 2002.

  5. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer the Property for public sale and to sell the Property.

  6.  The terms and conditions of the sale of the Property are as follows:

  a.  The sale of the Property shall be free and clear of the interests of: Walter Durniak, Jr.; Susan D. Maser; Julia Durniak; Calusa Lakes Community Association, Inc.; Barbara Ford-Coates, Tax Collector for Sarasota County, Florida; Calusa Lakes, Ltd.; and S.W. Johnson Development, Inc.

  b.  The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

  c.  The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

  d.  The PALS shall announce the date and time for each sale;

  e.  Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Sarasota County and, at the discretion of the PALS, by any other notice that the PALS deems appropriate.  The notice of each sale shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

  f.  The PALS shall set the minimum bid for the sale.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, under the terms and conditions in this order of sale, hold a new public sale of the Property, and may reduce the minimum bid;

    g.  At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Middle District of Florida, a deposit in an amount between five (5) and twenty (20) percent of the bid as specified by the PALS in the published Notice of Sale.  Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement.  No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

    h.  The successful bidder(s) shall pay the balance of the purchase price for the Property to the clerk of this Court within sixty (60) days following the date of the sale, by a certified or cashier's check payable to the Clerk of the United States District Court for the Middle District of Florida.   If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Walter Durniak, Jr. at issue herein. The Clerk shall distribute the deposit as directed by the United States.  The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

    i.  The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further Order of this Court.

    j.  The sale of each Property shall be subject to confirmation by this Court.  On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

      k.  When this Court confirms the sale, the Register of Deeds of Sarasota County, Florida, shall cause transfer of the respective property to be reflected upon that county's register of title Registrar of Deeds.  The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

      l.  The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

9.  Until the Property is sold, Walter Durniak, Jr. shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property as well as all other carrying costs.  He shall neither commit waste against the Property nor cause or permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

10.  All persons occupying the Property shall vacate the Property permanently within 60 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to vacate the Property within 60 days of this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to

have those persons ejected.  Any personal property remaining on the Property after the tine for vacating that Property is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.  Checks for the purchase of the personal property shall be made out to the Clerk for the Middle District of Florida and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

      11.  Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.  During the sixty-day period following entry of this Order, the IRS shall give 72-hours notice to the occupant of the Property prior to entering the Property.

      12.  After the Court confirms the sale of the Property, the sale proceeds are to be paid as follows:

      (a) First, to the IRS for costs incurred incident to the sale of the Property, and to Susan D. Maser for costs incurred for maintenance costs incurred after the sixty-day period following entry of this Order; provided, however, that costs incident to the sale of the Property and for maintenance are to be paid only upon proof of actual payment, and, further, that costs reimbursed to Susan D. Maser shall in any event not exceed $477 per month;

      (b) Second, in equal shares, to: (1) the United States for application to the judgment debt of Walter Durniak, Jr., to whatever amount satisfies the judgment debt in full, including interest,

and (2) to Susan D. Maser; and

(c) Third, in the event that the distributions in paragraph 12(b) serve to completely satisfy, in full, the judgment debt (with interest) of Walter Durniak, Jr, any remainder of the sale proceeds shall be divided equally between Walter Durniak, Jr., and Susan D. Maser.

13.  The Court retains jurisdiction over this cause for purpose of entering all further orders as may be appropriate.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of July, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Parties and Counsel of Record