**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                    Case No. 8:12-cv-726-T-24-MAP

WALTER DURNIAK, JR., et al.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff United States of America's Motion for Confirmation of Sale and Distribution of Sale Proceeds. (Dkt. 81.) Defendant Walter Durniak, Jr. opposes. (Dkt. 82.)

The United States commenced this action on April 5, 2012, seeking a judgment against Durniak for unpaid federal income tax liabilities, and to foreclose the corresponding federal tax liens against real property located at 2128 Muskogee Trail, Nokomis, Florida, which was owned by Durniak and his sister, Susan D. Maser, as tenants in common.

Following mediation in February 2013, the parties entered into a settlement agreement providing, *inter alia*, that judgment shall be entered against Durniak and in favor of the United States in the amount of $571,018.82, and that the Internal Revenue Service ("IRS") shall conduct a good faith review of any 1040 tax forms timely submitted by Durniak. (Dkt. 61.) The agreement further provided that if the 1040 forms show Durniak's tax liability is less than the amount assessed, and if the IRS in its sole discretion accepts these forms as accurate, the United States will stipulate to the entry of an amended judgment for the reduced amount. (Dkt. 61-2.) In July 2013, the Court entered an order enforcing this settlement agreement. (Dkt. 76.)

The Court also entered a Judgment of Foreclosure and Order of Sale against Durniak and in favor of the United States, determining that Durniak's judgment debt was $571,018.82, and providing for the sale of the property. (Dkt. 77.) The foreclosure judgment authorized the IRS Property Appraisal and Liquidation Specialist ("PALS") to sell the property and, following confirmation of sale, to distribute the sale proceeds as follows:

> (a) First, to the IRS for costs incurred incident to the sale of the Property, and to Susan D. Maser for costs incurred for maintenance costs incurred after the sixty-day period following entry of this Order; provided, however, that costs incident to the sale of the Property and for maintenance are to be paid only upon proof of actual payment, and, further, that costs reimbursed to Susan D. Maser shall in any event not exceed $477 per month;
>
> (b) Second, in equal shares, to: (1) the United States for application to the judgment debt of Walter Durniak, Jr., to whatever amount satisfies the judgment debt in full, including interest, and (2) to Susan D. Maser; and
>
> (c) Third, in the event that the distributions in paragraph 12(b) serve to completely satisfy, in full, the judgment debt (with interest) of Walter Durniak, Jr, any remainder of the sale proceeds shall be divided equally between Walter Durniak, Jr., and Susan D. Maser.

(*Id.*)

On January 15, 2014, the property was sold at a public auction sale for $330,000.00. The sale proceeds have been deposited into the Court's registry. The IRS's maintenance costs total $1,923.65, and Maser's costs total $2,341.00, leaving $325,735.35 in net sale proceeds, plus any interest accrued on the funds while held in the Court's registry. The United States has submitted a declaration that Durniak's judgment debt is $367,355.39, not $571,018.82.

In its motion for confirmation of the sale, the United States requests that the Court to enter an order:

> 1. That the sale of the property shall be confirmed;
>
> 2. Directing PALS to prepare and deliver a deed to the buyer of the property;

2

    3. Directing the Clerk of this Court to reimburse the Internal Revenue Service for the costs of sale by providing a check in the amount of $1,923.65 payable to "United States Treasury" to counsel for the United States;

    4. Directing the Clerk of Court to reimburse Susan D. Maser for costs of maintaining the property by providing a check in the amount of $2,341.00, payable to "Susan D. Maser," to her counsel;

    5. Directing the Clerk of Court to distribute half the remainder of the net sale proceeds to Susan D. Maser by providing a check payable to "Susan D. Maser" to her counsel; and

    6. Directing the Clerk of Court to distribute half the remainder of the net sale proceeds ($162,867.67) to the United States for application to Walter Durniak, Jr.'s judgment debt by providing a check payable to "United States Department of Justice" to counsel for the United States.

(Dkt. 81.)

    Durniak has filed a response in opposition.  (Dkt. 82.)   Durniak does not oppose the confirmation of the sale.  (*Id*. ¶ 8.)  Nor does he oppose the distribution of sale proceeds in the amount of: $1,923.65 to the IRS for its maintenance costs; $2,341.00 to Maser for her maintenance costs; $162,867.67 to Maser for her half share of net sale proceeds.  (*Id*.)  And he does not dispute that he agreed that his half share of the net sale proceeds ($162,867.67) should be distributed to the United States for application to his judgment debt.  (*Id*. ("Durniak respectfully requests that the court grant the Motion by the United States for Confirmation of Sale and Distribution of Sale Proceeds, and distribute Mr. Durniak's share of the sale proceeds to the United States Department of Justice subject to the terms of the settlement agreement.")).

    What Durniak appears to dispute is whether his judgment debt is in fact $367,335.39 and therefore whether $162,867.67 should be paid to the United States.  (*Id*. ¶ 7.)  However, Durniak has provided no reason for denying the United States' motion on this basis.  Durniak agreed to the entry of foreclosure judgment and distribution of proceeds as long as he may submit Forms 1040 for certain tax years for the IRS's good faith review:

3

> If the Forms 1040 show an amount of tax less than what has been assesses, and if the Internal Revenue Service <u>in its sole discretion</u> accepts the returns as accurate, then the United States in that instance shall stipulate to the entry of an amended judgment for a correspondingly reduced amount. The Internal Revenue Service is <u>in no way obligated or bound</u> to accept the Forms 1040 contemplated by this Settlement Agreement, provided, however, that the Internal Revenue Service's review of any Forms 1040 submitted and received by April 28, 2013, shall be in <u>good faith</u>.

(Dkt. 61-2 ¶ 4) (emphasis added). Durniak does not assert that the IRS did not conduct a good faith review and, in any event, the IRS has the discretion and is not obligation to accept any forms. Further, the United States submitted a declaration that Durniak owes $367,335.39 on the judgment debt. (Dkt. 81-2.) In response, Durniak submitted nothing but attorney argument that "Mr. Durniak is in doubt as to whether the proceeds of the sale should in fact be distributed to the Department of Justice." (Dkt. 82 ¶ 7.)

Accordingly, it is **ORDERED AND ADJUDGED** that the United States' Motion for the Confirmation of Sale and Distribution of Sale Proceeds (Dkt. 81) is **GRANTED**. The United States is directed to email a proposed order confirming the sale and distributing the proceeds in Word or WordPerfect format to the Court at chambers_flmd_bucklew@flmd.uscourts.gov on or before April 25, 2014.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of April, 2014.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record